UNITED STATES of America,
Plaintiff–Appellant,

v.

Martin QUINTANO, Defendant–
Appellee.

No. 00–10500.
D.C. No. CR–99–1438–ACM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided May 20, 2002.

Before B. FLETCHER, BOOCHEVER,
and FISHER, Circuit Judges.

## MEMORANDUM*

The district court departed downward to sentence Appellee Quintano below the five-year statutory minimum following his guilty plea to one count of conspiracy to possess with intent to distribute cocaine. The government appeals, arguing that the district court acted beyond its authority by departing below the statutory minimum based on Mr. Quintano's assistance to authorities despite the government's refusal to recommend such a departure pursuant to United States Sentencing Guidelines (U.S.S.G.) § 5K1.1. Mr. Quintano contends that the government acted in bad faith and with "unclean hands" by preventing him from assisting in investigations and by failing to make a § 5K1.1 motion. In the alternative, he argues that *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), permits the district court to depart downward in its discretion pursuant to U.S.S.G. § 5K2.0.

We have subject matter jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). We reverse and remand for resentencing. Without a motion from the government, the district court cannot depart below the statutory mandatory minimum. Because there was no such motion here, Mr. Quintano must be sentenced to at least sixty months, the mandatory minimum. Further, the district court must sentence within the guideline range unless it finds on the record that the circumstances take the case outside the heartland of cases contemplated by the guidelines.

As Mr. Quintano's sentencing hearing began, the government requested a sidebar at which it explained its reason for declining to recommend a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1:

The Court should know that the defendant attempted cooperation. He tried to use his information to do something. Nothing has come of it, but he did attempt the cooperation, just nothing hap—we didn't catch anybody. So I'm not doing the 5K, but ... just giving you that for your information.

Following this statement—the only substantive comment made during the sidebar conference—the court resumed the sentencing proceedings in open court.

Based on Mr. Quintano's total offense level of 25 and a Criminal History Category of II, the guidelines dictated 63–78 months imprisonment. U.S.S.G. § 5A. Title 21 U.S.C. § 841(b)(1)(B) prescribes a five year (60 month) mandatory minimum sentence. Notwithstanding the guideline range and statutory minimum sentence, the district court sentenced Mr. Quintano to 36 months in prison plus 36 months supervised release. The government inquired:

AUSA: For the record, Your Honor, did the Court make a finding as to the departure?

COURT: Yes. Well, the departure is based on the conversation that we had at the side bar, which is part of the record. I'm going to order that that be sealed, except for appeal purposes and so forth, of course.

AUSA: Notwithstanding there was no 5K.

COURT: Yes.

We review a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir.2001). "Whether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

district court's resolution of the point." *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). However, if a factor is a permissible basis for departure under some circumstances, we review the district court's ultimate decision to depart for abuse of discretion. *Koon,* 518 U.S. at 99–100; *United States v. Caperna,* 251 F.3d 827, 830 (9th Cir.2001).

■ Title 18 U.S.C. § 3553(e) permits the court to sentence a defendant below the statutory maximum "[u]pon motion of the Government." Likewise, a district court generally may not grant a downward departure below the applicable guideline range for substantial assistance absent a government motion under U.S.S.G. § 5K1.1. *United States v. Mikaelian,* 168 F.3d 380, 385 (9th Cir.1999). In *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court clarified that the government has the power—but not the duty—to make a substantial assistance motion. The *Wade* Court clarified that, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id.* at 186. The district court may, however, review the government's refusal to file such a motion and may grant a departure if the government refused to file the motion based on an unconstitutional motive (e.g. racial discrimination) or for reasons unrelated to any legitimate government interest. *United States v. Murphy,* 65 F.3d 758, 762 (9th Cir.1995).

■ We reject Mr. Quintano's claim that the downward departure was justified because the government had "unclean hands." He does not allege that the government acted unconstitutionally by detaining him following his arrest or by refusing to move for a downward departure based on his foiled attempt at assistance. The record reveals that once he had failed in his attempt to assist law enforcement agents, Mr. Quintano simply had no additional information to provide. Mr. Quintano contends that once "word was on the street" that he had been arrested and detained, he could not assist the government despite his desire to do so. Mr. Quintano alleges, in essence, that the instant police took him into custody the government assured he would be useless to law enforcement. However, detention of an individual following arrest at least until arraignment is typical. 18 U.S.C. § 3142(a).

Absent some showing of unconstitutional or arbitrary government motive the district court is powerless to offer a remedy under § 5K1.1 or 18 U.S.C. § 3553(e). A mere claim of vindictiveness or bad faith like that Mr. Quintano offers will not suffice. *Murphy,* 65 F.3d at 762–3 (finding the district court could not depart downward based only on an unproved allegation that the government withheld a § 5K1.1 motion in order to punish defendant for exercising his right to a jury trial).

Just as Mr. Quintano fails to allege sufficient facts to warrant a finding of improper government motive, the district court did not make such a finding on the record. Absent an explicit finding of unconstitutional motive or arbitrariness, the district court was powerless as a matter of law to depart downward below either the statutory minimum or the guideline range based solely on substantial assistance.

■ Mr. Quintano also suggests that the district court might have departed downward under U.S.S.G. § 5K2.0, which allows district courts to sentence outside the guideline range if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing

442

Commission in formulating the guidelines." U.S.S.G. § 5K2.0 (policy statement); 18 U.S.C. § 3553(b). Here, there is no evidence in the record that the district court relied on § 5K2.0. Moreover, it was not authorized to do so unless it found that "certain aspects of the case [were] unusual enough for it to fall outside the heartland of cases." U.S.S.G. § 5K2.0, cmt., *quoting Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

Title 18 U.S.C. § 3553(c) requires that the sentencing court state *in open court* the reasoning underlying a particular sentence. Where a sentence is outside the guideline range, the court must state a specific reason for departure. 18 U.S.C. § 3553(c)(2). The reasons given "must be sufficiently specific to allow this court to conduct a meaningful review." *United States v. Montenegro–Rojo,* 908 F.2d 425, 428 (9th Cir.1990). *See also United States v. Reyes,* 8 F.3d 1379, 1389 (9th Cir.1993) (remanding due to court's failure to articulate reasons for degree of departure). Because the district court made no such findings in the present case, it could not have departed downward under § 5K2.0.

We do not foreclose the possibility that the district court might depart pursuant to § 5K2.0 on remand. If the court does so, it must articulate its reasons for departing on the record. In any case, the district court may not sentence Mr. Quintano to less than the 60 month statutory minimum.

**REVERSED AND REMANDED FOR RESENTENCING.**